UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JAN 19 2017

DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 16-5014 |
| SOLDIERS OF THE CROSS d/b/a SHEPHERD'S CHAPEL CHURCH and DENNIS MURRAY, individually, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor, brings this action to enjoin Soldiers of the Cross d/b/a Shepherd's Chapel Church (Shepherd's Chapel) and Dennis Murray from violating the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678, hereinafter referred to as the Act, and for all other appropriate relief, including the payment of back wages and other benefits found due to employees of Defendants by reason of Defendants' actions in violation of the Act.

I.

Jurisdiction of this action is conferred upon the Court by Section 11(c) of the Act, 29 U.S.C. § 660(c)(2), and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Shepherd's Chapel is now, and at all times hereinafter mentioned was, a nonprofit corporation operating in the state of Arkansas and doing business in Benton County at 614 Main Street SW, Gravette, Arkansas 72736, within the jurisdiction of the Court. In addition, venue is proper as a substantial part of the events or omissions giving rise to the claim occurred within this district.

III.

Defendant Dennis Murray, an individual, resides in Arkansas, and is a Principal of Shepherd's Chapel and its pastor. At all times hereinafter mentioned, Defendant Dennis Murray acted directly or indirectly in the interest of the Defendant Shepherd's Chapel, and was therefore conducting business in Benton County, Arkansas, within the jurisdiction of the Court.

IV.

At all relevant times mentioned hereafter, Darrin and Kimberly Carnahan (Complainants) were employed by Defendants, and were employees employed by an employer as defined by Sections 3(5) and 3(6) of the Act, 29 U.S.C. §§ 652(5) and (6).

V.

On or about October 22, 2015, the Occupational Safety and Health Administration received a complaint filed by Complainant Darrin Carnahan alleging that Defendants discriminated against him in violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

On or about February 11, 2016, the Occupational Safety and Health Administration received a complaint filed by Complainant Kimberly Carnahan alleging that Defendants discriminated against her in violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

Plaintiff thereafter investigated the above complaints in accordance with Section 11(c)(2) and determined that Defendants violated Section 11(c) of the Act.

VI.

Defendants discriminated against Darrin Carnahan by terminating his employment on or about October 13, 2015, because he exercised rights afforded by the Act.  Specifically, Darrin Carnahan engaged in protected activity by reporting to his supervisor, Harl Pike, during September of 2015 that the print shop had poor ventilation that was making him sick and that the toner cartridges used in the print shop contained possible carcinogens.  Harl Pike took no action to address Darrin Carnahan's safety and health complaints.  On October 12, 2015, Darrin Carnahan sent Harl Pike a text message advising him that he would be taking off a couple of days due to a medical and legal emergency and requested to speak to Shepherd's Chapel's board of directors when he returned about his belief that the print shop was not a safe and clean environment.  Harl Pike responded by text message that the two of them would discuss the issues when Darrin returned but the meeting would be with Pike, not the board of directors.  On or about October 13, 2015, Harl Pike and Defendant Dennis Murrray claimed to accept Darrin Carnahan's "resignation" despite the fact that Darrin Carnahan advised both of them that he had not resigned.

VII.

Defendants discriminated against Darrin Carnahan and Kimberly Carnahan by terminating Kimberly Carnahan's employment on or about January 13, 2016, because Darrin Carnahan engaged in activity protected by the Act.

On or about January 4, 2016, Defendant Dennis Murray became aware of two Facebook postings Darrin Carnahan had made on or about October 30, 2015 and December 25 or 26, 2015, in which Darrin Carnahan was critical of Shepherd's Chapel's treatment of him and its failure to respond to his complaints about working in an unsafe environment. On that same day Defendant Dennis Murray confronted Kimberly Carnahan at work about her husband's Facebook postings. Kimberly Carnahan said she was unaware of the postings but said she would talk to Darrin about the postings.

On January 11, 2016, Defendant Dennis Murray became aware of a third Facebook posting that Darrin Carnahan had made on or about January 8, 2016. In the third Facebook posting Darrin Carnahan complained about the treatment he had received from Shepherd's Chapel and stated that he had gotten cancer from working in the print shop. Defendant Murray spoke briefly with Kimberly Carnahan about the posting, stating they would talk more about it later. On January 13, 2016, Defendant Murray called Kimberly into his office and told her that "you are biting the hand that feeds you." Kimberly denied doing anything wrong and said she was unaware of what her husband did. Defendant Murray then discharged Kimberly, allegedly claiming that she had engaged in insubordination.

## VIII.

As a result of Defendants' discriminatory actions, Complainants incurred damages, which include loss of salary, benefits and compensation, and other monetary and non-monetary losses resulting from Defendants' illegal termination of Complainants.

IX.

By the actions described in Paragraphs VI and VII above, Defendants discriminated, and are discriminating against Complainants because Darrin Carnahan exercised rights under or related to the Act, and Defendants engaged in conduct in violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

WHEREFORE, Plaintiff prays for judgment:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them, from violating the provisions of Section 11(c)(1) of the Act;

B. Ordering Defendants to make Complainants whole by 1) reimbursing them for lost wages and other lost benefits that resulted from their terminations, with interest thereon from the date due until paid; 2) offering reinstatement to Complainants, or in lieu of reinstatement, providing them with front pay in an amount to be determined at trial; and 3) expunging from all personnel and company records references to the circumstances giving rise to Complainants' unlawful terminations;

C. Ordering Defendants to make Complainants whole by providing compensation to reimburse them for any costs, expenses and/or other pecuniary losses they incurred as a result of Defendants' discriminatory actions;

D. Ordering Defendants to make Complainants whole by providing compensation for non-pecuniary losses they incurred, including emotional pain and suffering and damage to their professional and personal reputations;

E.   Ordering Defendants to pay additional compensation to Complainants as exemplary or punitive damages in an amount to be determined at trial;

F.   Ordering Defendants to post in a prominent place for a period of 60 consecutive days a notice stating they will not in any manner discriminate against any employee for engaging in activities protected by Section 11(c) of the Act; and

G.   Ordering such other and further relief as may be necessary or appropriate, and for the costs of this action.

Respectfully submitted,

M. PATRICIA SMITH
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

CONNIE M. ACKERMANN
Deputy Regional Solicitor

Address:

U. S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas 75202
Telephone: (972) 850-3148
Facsimile: (972) 850-3101

*/s/ Brian L. Hurt*
BRIAN L. HURT
Senior Trial Attorney
Trial Attorney in Charge
Hurt.brian@dol.gov

Attorneys for Plaintiff

RSOL Case No. 0610-16-00802