IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

R. ALEXANDER ACOSTA, Secretary of
Labor, United States Department of Labor                                    PLAINTIFF

v.                                    Case No. 5:17-CV-5014

SOLDIERS OF THE CROSS, d/b/a
Shepherd's Chapel Church, and
DENNIS MURRAY, individually                                                DEFENDANTS

**OPINION AND ORDER**

Before the Court are Defendants' motion for summary judgment (Doc. 24), statement of facts in support of its motion (Doc. 25), and brief in support of its motion. (Doc. 26). Plaintiff filed a response in opposition to summary judgment. (Doc. 29).[1] Defendants submitted a reply to Plaintiff's response. (Doc. 30). For the reasons stated herein, Defendants' motion (Doc. 24) will be denied.

When a party moves for summary judgment, it must establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602, 606 (8th Cir. 1999). In order for there to be a genuine issue of material fact, the nonmoving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Only facts "that might affect the outcome of the suit under the governing law" need be

---

[1] Plaintiff did not file a response to the statement of facts as required by Local Rule 56.1(b). However, Plaintiff raises factual disputes in his response. (Doc. 29). The Court, in its discretion, will not deem Defendants' statement of facts admitted.

1

considered. *Anderson*, 477 U.S. at 248. "[T]he non-movant must make a sufficient showing on every essential element of its claim on which it bears the burden of proof." *P.H. v. Sch. Dist. of Kan. City, Mo.*, 265 F.3d 653, 658 (8th Cir. 2001). Facts asserted by the nonmoving party "must be properly supported by the record," in which case those "facts and the inferences to be drawn from them [are viewed] in the light most favorable to the nonmoving party." *Id*. at 656–57.

Defendants contend that they are entitled judgment as a matter of law because Plaintiff has failed to make a prima facie case of retaliation and failed to demonstrate that Defendants' stated reason for terminating Darrin Carnahan (Darrin) and Kim Carnahan (Kim) were pretextual. The Court finds that there are genuine issues of material fact as to whether Darrin and Kim engaged in protected activity, whether Darrin and Kim suffered adverse employment actions, and whether the alleged adverse employment actions were causally connected to the alleged protected conduct. The Court also finds that there are genuine issues of material fact as to whether Defendants' stated reasons for terminating Darrin and Kim were pretextual. Accordingly, summary judgment is not appropriate.

Defendants further contend that Plaintiff cannot bring a claim of retaliation on behalf of Darrin because the claim does not survive his death. The Eighth Circuit recently held that a claim under the Americans with Disabilities Act can survive the plaintiff's death. *Guenther v. Griffin Constr. Co.*, 846 F.3d 979, 986 (8th Cir. 2017). The Court concludes that the Eight Circuit's reasoning in *Guenther* applies to the Occupational Safety and Health Act. *See id.* at 985 ("we find Congress's call for a 'national mandate' with 'consistent' standards and the desire to effect the 'evenhanded application' of the ADA's anti-discrimination provisions both weigh in favor of a uniform federal rule."); *see also* 29 C.F.R. §1977.1(a) ("The Occupational Safety and Health Act ... is a Federal statute of general application designed to regulate employment conditions relating

to occupational safety and health and to achieve safer and healthier workplaces throughout the Nation."). Accordingly, Plaintiff can bring a retaliation claim on behalf of Darrin.

    IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (Doc. 24) is DENIED.

    IT IS SO ORDERED this 19th day of January, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE